UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN E. JOHNSON, | ) |
| Plaintiff, | ) No. 4:14-CV-453 JAR |
| v. | ) |
| AT&T CORP., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Counts II and III of the Complaint and to Strike Plaintiff's Request for Injunctive Relief (ECF No. 6) and Plaintiff's Rule 56(f) Motion to Defer Ruling on Defendant's Motion for Summary Judgment and Permit Limited Discovery (ECF No. 13). In the Complaint (ECF No. 1), Plaintiff alleges three causes of action based upon alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681. Count I purports to allege a claim for violating the FCRA by failing to provide Johnson with a copy of the consumer report that was used to take adverse employment action against him prior to the adverse action. Count II purports to allege that Defendant procured a consumer report regarding Plaintiff without making a proper disclosure in violation of the FCRA, 15 U.S.C. §1681b(b)(2)(A)(ii). Count III purports to allege that Defendant procured a consumer report upon Plaintiff without obtaining proper authorization in violation of the FCRA, 15 U.S.C. §1681b(b)(2)(A)(ii).

## BACKGROUND[1]

Plaintiff applied for work with Defendant[2] in January 2014 in Jackson County, Missouri. (Compl., ¶20). As part of the application form, Plaintiff completed a disclosure form, which he asserts "was encumbered by other extraneous information." (Compl., ¶¶21-22). Plaintiff was invited back by Defendant to complete an employment test and for an interview. (Compl., ¶¶24-26). Plaintiff was directed by Defendant to take a drug test and for a physical. (Compl., ¶27). A week after his interview, Plaintiff received a telephone call from Defendant, who informed him that he would not be hired due to the results of his background check. (Compl., ¶28). Approximately three days later, Plaintiff received a letter in the mail from Hireright, the credit reporting agency used by the Defendant, that informed Plaintiff that Defendant had run a background check on Plaintiff and included a copy of the background check and a summary of Plaintiff's rights. (Compl., ¶29).

## DISCUSSION

### I. Motion to Dismiss

#### A. Counts II and III

1. Standards

   a. Standard for Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, the Court accepts Plaintiff's allegations in his Complaint as true for purposes of the Motion to Dismiss.

[2] Defendant notes that the Complaint names an affiliate (AT&T Corp.) other than the one to which Plaintiff applied for employment. (ECF No. 7 at 2). Defendant indicates that this issue will be resolved by interlination.

(8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

b. Standard for More Definite Statement

Under Fed.R.Civ.P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." When a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding." McCoy v. St. Louis Pub. Sch., 4:11CV918 CDP, 2011 WL 4857931, at *2 (E.D. Mo. Oct. 13, 2011)(quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. Tinder v. Lewis County Nursing Home Dist., 207 F.Supp.2d 951, 959 (E.D.Mo.2001)(internal citations omitted).

### c. Opportunity to Replead Counts II and III

15 U.S.C. §1681b(b)(2)(A)(i) under the FCRA provides that "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." In Counts II and III Plaintiff alleges that Defendant failed to properly disclose that a consumer report would be obtained and failed to obtain a valid authorization from Plaintiff for the consumer report. In Count II of the Complaint, Plaintiff alleges that Defendant violated the FCRA by the use of a disclosure form that contains a [sic] extraneous information other than the authorization." (Compl., ¶72); see also Compl., ¶45 ("The inclusion of the extraneous information, other than the authorization, within the disclosure document violates the FCRA."). Plaintiff alleges that this violation was "willful" because "Defendant knew that the [FCRA] disclosure should consist solely of the consumer report disclosure." (Compl., ¶73). In Count III of the Complaint, Plaintiff alleges that "Defendant violated the FCRA by procuring consumer reports relating to Plaintiff … without proper authorization." (Compl., ¶79). Plaintiff contends that this violation was "willful" based upon the facts previously set forth in the Complaint. (Compl., ¶80).

Defendant contends that Plaintiff's pleadings are insufficient under the Iqbal and Twombly standards because they fail to detail what categories of information Plaintiff considers to be the "extraneous information" that violated the FCRA.[3] (ECF No. 7 at 4). In response, Plaintiff

---

[3] Defendant makes other arguments regarding why it considers its disclosures to be proper under the FCRA. However, because the Court finds a pleading deficiency by Plaintiff and is affording Plaintiff an opportunity to replead, the Court will not address those arguments at this point.

asserts that he has properly alleged a violation of the FCRA because the document provided to him did not consist solely of the disclosure. (ECF No. 21 at 4). Plaintiff references the disclosure, which was not attached to the Complaint, and argues that the Court can consider the disclosure in ruling on the Motion to Dismiss. (ECF No. 21 at 4).[4]

The Court construes Defendant's Motion to Dismiss as a motion for more definite statement. In the briefing, Plaintiff outlines what facts he believes state a claim, but those facts are not included in the Complaint. See, e.g., ECF No. 21 at 10-17. With the Complaint devoid of any facts whatsoever, the Court is left with Plaintiff's pure legal conclusion that the disclosure contained "extraneous" information. Such allegations are insufficient under the pleading standards of Twombly and Iqbal. The Court, therefore, grants Defendant's request for a more definite statement and affords Plaintiff seven (7) days to file an amended complaint that complies with this Court's Order.

### B. Injunctive Relief

1. Standard for Motion to Strike

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[5] Fed. R. Civ. P. 12(f). "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." Simms v. Chase Student Loan Servicing, LLC, 4:08CV01480 ERW, 2009 WL 943552, at *2 (E.D. Mo. Apr. 6, 2009)

---

[4] Plaintiff also states that the "Court may consider [the disclosure] without converting Defendant's motion to dismiss to a motion for summary judgment." (ECF No. 21 at 4).

[5] "These terms have precise meanings under this rule. For example, redundant refers to statements wholly foreign to the issue or that are needlessly repetitive of immaterial allegations. ... Immaterial claims are those lacking essential or important relationships to the claim for relief. ... Impertinent claims are those that do not pertain to the issues in question." Simms v. Chase Student Loan Servicing, LLC, No. 4:08CV01480, 2009 U.S. Dist. LEXIS 28977, at *5, n. 3 (E.D. Mo. Apr. 6, 2009) (internal quotations and citations omitted).

(internal citation omitted). "Although the Court enjoys 'broad discretion' in determining whether to strike a party's pleadings, such an action is 'an extreme measure.'" Airstructures Worldwide, LTD v. Air Structures Am. Techs. Inc., No. 4:09CV10, 2009 U.S. Dist. LEXIS 23707, at *1 (E.D. Mo. Mar. 23, 2009) (quoting Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)).

2. Discussion

In the Complaint, Plaintiff asks this Court for an "Order awarding appropriate equitable relief, including but not limited to an injunction forbidding Defendant from engaging in further unlawful conduct in violation of the FCRA." (ECF No. 1 at 14). Defendant moves to strike Plaintiff's request for injunctive relief because injunctive relief is not available to private plaintiffs under the FCRA. (ECF No. 7 at 13-14 (citing Young v. LVNV Funding, LLC, 4:12CV01180AGF, 2012 WL 5508407, at *4 (E.D. Mo. Nov. 14, 2012)("neither the FCRA nor the FDCPA permit a private cause of action for injunctive relief"); Ilodianya v. Capital One Bank USA NA, 853 F. Supp. 2d 772, 775 (E.D. Ark. 2012)("Injunctive relief is thus not available to private plaintiffs in an FCRA action."); Young v. HSBC Mortg. Servs., Inc., No. 4:07CV646 HEA, 2007 WL 2083680, at *1 (E.D.Mo. July 13, 2007) ("It has been well settled that injunctive relief is not available to private plaintiffs under the FCRA."); Washington v. CSC Credit Servs. Inc., 199 F.3d 263, 268 (5th Cir. 2000)("the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC"). In response, Plaintiff admits that the courts in this District have all found injunctive relief to be unavailable under the FCRA, but argues that this Court should nonetheless side with courts in other districts.

(ECF No. 21 at 23-24 (citing Greenway v. Info. Dynamics, Ltd., 399 F. Supp. 1092, 1096 (D. Ariz. 1974) aff'd, 524 F.2d 1145 (9th Cir. 1975); Natale v. TRW, Inc., C 97-3661 CRB, 1999 WL 179678 (N.D. Cal. Mar. 30, 1999)).[6]

The Court agrees with the reasoning of the Courts in this District and holds that the FCRA does not permit injunctive relief. The Court strikes Plaintiff's request for injunctive relief.

## II. Rule 56(d) Motion to Defer Ruling on Defendant's Motion for Summary Judgment and Permit Limited Discovery[7]

In Plaintiff's Rule 56(d) Motion to Defer Ruling on Defendant's Motion for Summary Judgment and Permit Limited Discovery ("Motion to Defer"), Plaintiff asserts that "Defendant's attachment of Ms. Reyes['] declaration and the FTC material is evidence outside of the pleadings and the exhibits are offered in opposition to Plaintiff's Complaint, thus Defendant's motion shall be treated as one for summary judgment. (ECF No. 13, ¶4). Plaintiff notes that when the Court considers matters outside of the pleadings when addressing the merits of a motion to dismiss then the Court must convert the motion to dismiss into a motion for summary judgment, unless the matters fit within one of the limited exceptions to this rule. (ECF No. 13, ¶5) (citing Navarro v. Am. Nat. Skyline Inc. of Missouri, 4:12CV801 HEA, 2013 WL 1342999, at *2 (E.D. Mo. Apr. 3, 2013)). Plaintiff outlines several discovery issues that he claims should be explored prior

---

[6] Although Plaintiff asserts that the Natale court denied a motion to dismiss a FCRA claim seeking injunctive relief, that court held that "Plaintiff has not offered any justification for injunctive relief against TRW" and granted summary judgment in TRW's favor on the plaintiff's claim for injunctive relief. Natale v. TRW, Inc., C 97-3661 CRB, 1999 WL 179678, at *8 (N.D. Cal. Mar. 30, 1999).

[7] Although Plaintiff asserts that he is bringing this motion to defer pursuant to Fed.R.Civ.P. 56(f), he probably meant to bring it under Fed.R.Civ.P. 56(d) which provides that "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

to the Court ruling on Defendant's Motion, including (1) contracts between Defendant and Hireright, (2) the purpose and creation of Defendant's "Consumer Disclosure and Authorization Form," and (3) Defendant's utilization of the "Consumer Disclosure and Authorization Form." (ECF No. 13, ¶11).

In response, Defendant asserts that the Motion to Defer should be denied. First, Defendant maintains that the Court can consider its legal arguments without even referencing the contents of the documents attached to the Motion to Dismiss. (ECF No. 17 at 2). Second, Defendant maintains that the FCRA disclosure document attached to the Motion to Dismiss are not "matters outside of the pleadings" because the document is referenced throughout Plaintiff's Complaint. (ECF No. 17 at 3-5); see Dittmer Properties, L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013)(quoting Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n. 3 (8th Cir. 2012)("courts additionally consider 'matters incorporated by reference or integral to the claim'"). Finally, Defendant contends that Plaintiff's proposed discovery is not pertinent to the Motion to Dismiss.

As an initial point, the Court notes that in Plaintiff's opposition to the Motion to Dismiss he stated that "[t]he Court may consider these documents without converting Defendant's motion to dismiss [in]to a motion for summary judgment." (Opposition at 4). Plaintiff appears to be taking a different view in the briefing for the Motion to Defer. In any event, the Court finds that Plaintiff's Motion to Defer is moot because the Court is providing Plaintiff an opportunity to replead Counts II and III and a Rule 16 conference is set for July 23, 2014, and discovery can commence thereafter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts II and III of the Complaint and to Strike Plaintiff's Request for Injunctive Relief [6] is **GRANTED**, in part, and **DENIED**, in part. Plaintiff is granted seven (7) days from the date of this Order to file an amended complaint. The Court strikes Plaintiff's request for injunctive relief.

**IT IS FURTHER ORDERED** that Plaintiff's Rule 56(d) Motion to Defer Ruling on Defendant's Motion for Summary Judgment and Permit Limited Discovery [13] is **DENIED** as moot.

Dated this 21st day of July, 2014.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**